**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FRANCISCO PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 1009 |
| | ) | |
| v. | ) | Judge Aspen |
| | ) | |
| CHICAGO POLICE OFFICERS R. | ) | |
| JOHNSON, STAR #3471, M. FLORES, | ) | Magistrate Judge Denlow |
| STAR #7019, JOHN DOE, JOHN POE, | ) | |
| JANE DOE and THE CITY OF CHICAGO, | ) | JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES,
AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago (the "City"), by its attorney, Mara S. Georges, Corporation

Counsel of the City of Chicago, answers plaintiff's complaint as follows:

**JURISDICTION**

1.      The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42
U.S.C. Section 1983, 1981 and 1985; 28 U.S.C. Section 1331 and Section 1343(a); the
Constitution of the United States; and pendant jurisdiction as provided under U.S.C. 1367(a).
The amount in controversy exceeds $10,000.00, exclusive of cost and interest against each
Defendant.

**ANSWER:**  The City admits that plaintiff purports to bring this action pursuant to 42

U.S.C. §§  1983, 1981 and 1985; 28 U.S.C. Section 1331 and Section 1343(a), and pendant

jurisdiction as provided under U.S.C. 1367(a).  The City denies the allegations to the extent they

allege that the United States Constitution provides plaintiff with a direct cause of action.  The

City also denies that it is liable.  The City is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations in this paragraph.

## PARTIES

2.      Plaintiff FRANCISCO PEREZ is a citizen of the United States.

**ANSWER:**  The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations in this paragraph.

3.      Defendant JOHNSON, STAR #3471, was at all times material to this Complaint a
Chicago Police Officer.  He is sued individually.

**ANSWER:**  The City admits that the Defendant Officer Johnson, Star #3471, was at all

times material to the Complaint a Chicago Police Officer.  The City admits that plaintiff purports

to sue Defendant Officer Johnson in his individual capacity.

4.      Defendant FLORES, STAR #7019, was at all times material to this Complaint a
Chicago Police Officer.  She is sued individually.

**ANSWER:**  The City admits that the Defendant Officer Flores, Star #7019, was at all

times material to the Complaint a Chicago Police Officer.  The City admits that plaintiff purports

to sue Defendant Officer Flores in his individual capacity.  Upon information and belief, the City

denies that Defendant Officer Flores is female.

5.      Defendants JOHN DOE, JOHN POE and JANE DOE were at all times material to
this Complaint Chicago Police Officers.  Each one is sued individually.

**ANSWER:** The City admits that plaintiff purports to sue Defendants John Doe, John

Poe, and Joe Doe in their individual capacity.  The City is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

6.      Defendant CITY OF CHICAGO is a municipal corporation duly incorporated
under the laws of the State of Illinois and is the employer and principal of defendant police
officers.

2

**ANSWER:** The City admits that it is a municipal corporation, duly incorporated under the laws of the State of Illinois.  The City further admits that it is an employer of Defendant Chicago Police officers Johnson and Flores.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

7.      Defendants were at all times material to this Complaint acting under color of law.

**ANSWER:**  The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## STATEMENT OF FACTS

8.      On April 15, 2006, Plaintiff resided in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:** Upon information and belief and based upon Chicago Police Department ("CPD") documents, the City admits that on April 15, 2006, plaintiff resided in the City of Chicago, County of Cook, State of Illinois.

9.      On April 15, 2006, at approximately 12:00 a.m., individual Defendants grabbed Plaintiff by his shirt, shoved him against the wall, and then punched him twice in his left eye.

**ANSWER:**  The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10.     Subsequently, individual Defendants violently kicked and stomped on the Plaintiff's ribs, back, legs and head.

**ANSWER:**  The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3

11.    An individual Defendant then struck the Plaintiff multiple times with a police issued nightstick.

**ANSWER:**  The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12.    At the police station, an individual Defendant confiscated the Plaintiff's wallet and removed $400.

**ANSWER:**  The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13.    Due to the injuries caused by the Defendants, an unknown police officer took the Plaintiff to Holy Cross Hospital on April 15, 2006 where he was treated for lacerations to the face, scalp, and a contusion to his left knee.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14.    Due to the injuries caused by the Defendants, the Plaintiff was treated at Saint Mary and Elizabeth Medical Center on April 17, 2006 and was treated for pain to his abdomen and right quad.

**ANSWER:**  The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15.    The Defendants [sic] actions were wanton and willful.

**ANSWER:**  The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

4

16.    The Defendants use of excessive force against the Plaintiff directly resulted in his damages as set forth in more detail below.

**ANSWER:** The City denies the allegations in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

17.    Moreover, the Plaintiff has been severely traumatized as a result of the Defendants' actions. The Plaintiff experienced mental and physical pain, distress and anguish, and experienced a lack of enjoyment in life.

**ANSWER:** The City denies the allegations in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## COUNT I
**(Plaintiff's Claim for Assault and Battery Section 1983 against Defendants)**

18.    The Plaintiff realleges paragraphs 1-17 with the same forced and effect as if fully set forth herein.

**ANSWER:** The City restates and realleges its answers to paragraphs 1 through 17 as if fully stated here.

19.    Without reason to believe the Plaintiff had committed any offense, the individual Defendants illegally used excessive force against the Plaintiff. Said actions by the individual Defendants constitute assault and battery and are actionable under 42 U.S.C. Section 1983. The actions of the individual Defendants were the direct and proximate cause of the violation of the Plaintiff's Fourth Amendment Rights and caused him extreme pain and suffering.

**ANSWER:** Upon information and belief and based upon CPD documents, the City states that on April 15, 2006, plaintiff was arrested and transported to the 8th District and charged with violating 720 ILCS 5.0/21-4-1-A. The City is without knowledge or information sufficient to

5

form a belief as to the truth of the remaining allegations in this paragraph.

**WHEREFORE,** defendant City of Chicago prays that this Court enter judgment in its favor as to Count I of plaintiff's complaint, award the City such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## <u>COUNT II</u>
### (755 ILCS 10/9-102 - Defendant CITY OF CHICAGO)

20.      The Plaintiff realleges paragraphs 1-19 with the same force and effect as if fully set forth herein.

**ANSWER:**    The City restates and realleges its answers to paragraphs 1 through 19 as if fully stated here.

21.      Defendant CITY OF CHICAGO is the employer of individual Defendants.

**ANSWER:**  The City admits that it is an employer of Defendant Chicago Police officers Johnson and Flores.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

22.      The Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

**ANSWER:**  The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

**WHEREFORE,** defendant City of Chicago prays that this Court enter judgment in its favor as to Count II of plaintiff's complaint, award the City such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.      To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

2.      To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this cause.

## JURY DEMAND

Defendant City of Chicago requests a trial by jury.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel
of the City of Chicago

By:      */s/ Robert C. Rutherford, Jr.*
ROBERT C. RUTHERFORD, Jr.
Assistant Corporation Counsel
JAY M. KERTEZ
Senior Counsel

Employment & Policy Litigation
30 N. LaSalle Street, Suite 1020
Chicago, IL 60602
(312) 742-7036/ 744-9212

7

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on April 25, 2008, I caused a true and correct copy of **Defendant City of Chicago's  Answer, Defenses, and Jury Demand to Plaintiff's Complaint,** to be served on plaintiffs' attorneys by electronic filing.

Melinda Power and Sandeep Basran
West Town Community Law Office
2502 West Division St.
Chicago, IL 60622
773-278-6706

s/ *Robert C. Rutherford, Jr.*
ROBERT C. RUTHERFORD, Jr.
Assistant Corporation Counsel

Employment and Policy Litigation Division
30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 742-7036